**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

|  |  |
|---|---|
| JOHN HOUEDENOU,<br><br>          Plaintiff,<br><br>     v.<br><br>CAMRIS INTERNATIONAL, INC.,<br><br>          Defendant. | Civil Action No. _____<br>Removed from the Circuit Court for<br>Prince George's County, Maryland<br>Case No. C16CV25004723 |

## <u>NOTICE OF REMOVAL</u>

Defendant CAMRIS International, Inc. ("CAMRIS"), by and through counsel and pursuant to 28 U.S.C. §§ 1331, 1367(a), 1411, and 1446, files this Notice of Removal of a civil action from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland based on federal question jurisdiction. In support of the Notice of Removal, CAMRIS states as follows:

1.     On or about August 20, 2025, Plaintiff John Houedenou filed a Complaint against CAMRIS in the Circuit Court for Prince George's County, Maryland (Case No. C16-CV25004723). In accordance with 28 U.S.C. § 1446(a) and Local Rule 103.5, a true and correct copy of all process, pleadings, documents, and order of which CAMRIS is aware are attached as Exhibit A and incorporated herein by reference. Pursuant to Local Rule 103.5, undersigned counsel, Heather N. Kemp-Nguyen, hereby certifies that true and legible copies of all documents on file in the State Court Case have now been filed in the United States District Court for the District of Maryland.

2.     On or around September 25, 2025, Plaintiff served the Complaint on CAMRIS.

3.      CAMRIS has not filed any answer or responsive pleading to Plaintiff's Complaint, nor made any appearance or argument before the Circuit Court for Prince George's County in this matter.

4.      CAMRIS submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has plead claims upon which relief can be granted.

5.      Removal of this case is proper under 28 U.S.C § 1441(a), which provides in part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a).  The Circuit Court for Prince George's County is located within this District.

7.      Pursuant to 28 U.S.C. 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt by CAMRIS of the initial pleading and summons, and before any proceedings were had concerning the Complaint in the Circuit Court for Prince George's County.

8.      Contemporaneously with this filing, CAMRIS is also filing a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court for Prince George's County, as required by 28 U.S.C. § 1446(d).  A true and accurate copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.  Promptly upon this filing, CAMRIS is giving written notice of the removal of this action by serving him with a copy of this pleading as further required by 28 U.S.C. § 1446(d).

**FEDERAL QUESTION JURISDICTION**

9.      Removal is proper pursuant to 28 U.S.C. § 1441, as this Honorable Court has original jurisdiction.

10.     District courts have original jurisdiction in cases involving a federal question, such as a "civil action arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

11.     Additionally, district courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

12.     In his Complaint, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 ("Count II"), the Americans with Disabilities Act of 1990, as amended (Count III), and the Family and Medical Leave Act of 1993 (Count IV).

13.     As such, this action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331.

14.     Further, this Court has supplemental jurisdiction over Plaintiff's state law claims in Counts I, V, and VI pursuant to 28 U.S.C. § 1367(a), which alleges state tort claims.  (Compl. ¶¶ 13, 17-18.)

15.     Plaintiff's state law claims in Counts I, V, and VI, and to the extent any additional counts rely on state law, rely upon a "common nucleus of operative fact" as do the alleged violations under Title VII of the Civil Rights Act of 1964 (Count II), the Americans with Disabilities Act of 1990, as amended (Count III), and the Family and Medical Leave Act of 1993 (Count IV), such that "the relationship between [the federal] claim[s] and the state claim[s] permit[] the conclusion that the entire action before the court comprises one constitutional 'case.'"

*City of Chicago v. Int'l College of Surgeons*, 552 U.S. 156, 165 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

16.     Specifically, Plaintiff's state law tort claims concern the same factual underpinnings as the violations of federal law he asserts: the terms, conditions, and termination of Plaintiff's employment with CAMRIS.

17.     Because this Court has original jurisdiction over Plaintiff's federal law claims in Counts II, III, and IV pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims in Counts I, V, and VI pursuant to 28 U.S.C. 1367(a), removal is appropriate.

WHEREFORE, CAMRIS respectfully requests that this action be removed from the Circuit Court of Prince George's County to this Honorable Court.


Dated: October 23, 2025                    Respectfully submitted,

                                           JACKSON LEWIS P.C.

                              By:     */s/ Heather N. Kemp-Nguyen*
                                      Larry R. Seegull (Bar No. 22991)
                                      Heather N. Kemp-Nguyen (Bar No. 31631)
                                      2800 Quarry Lake Dr. Suite 200
                                      Baltimore, MD 21209
                                      Larry.Seegull@jacksonlewis.com
                                      Heather.Kemp-Nguyen@jacksonlewis.com

                                      *Counsel for Defendant*
                                      *CAMRIS International, Inc.*

4

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on October 23, 2025, a true and accurate copy of the foregoing

was filed through the court's filing system and sent via electronic mail and first class mailed to:

John W. Houedenou
701 Sheridan Street
Hyattsville, Maryland 20783

Dated: October 23, 2025

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Heather N. Kemp Nguyen*
Heather N. Kemp-Nguyen